# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTOINE GORUM,

        Plaintiff(s),

vs.

BROWN, et al.,

        Defendant(s).

Case No. 2:16-cv-00079-APG-NJK

REPORT AND RECOMMENDATION

Pending before the Court is the order for Plaintiff to show cause in writing, no later than August 4, 2017, why this case should not be dismissed for his failure to update his address. Docket No. 34 (citing Local Rule IA 3-1). Plaintiff has failed to file a response. For the reasons discussed more fully below, the Court hereby **RECOMMENDS** that this case be **DISMISSED** without prejudice and Defendants' motion for summary judgment (Docket No. 27) be **DENIED** as moot.

**I.     BACKGROUND**

On May 2, 2017, the Court Clerk's office mailed to Plaintiff a notice of a Court order. Docket No. 26 (Notice of Electronic Service). That notice was returned to the Court as undeliverable, with a notation that the mail could not be forwarded. Docket No. 33.[1] "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). To that end, the Court's local rules expressly require parties to

---

[1] Since that time, several other Court mailings have been returned as undeliverable. *See* Docket Nos. 36-38.

"immediately file with the court written notification of any change of mailing address." Local Rule IA 3-1. That rule further warns that the failure to comply "may result in the dismissal of the action." *Id.*

As a result, the Court ordered Plaintiff to show cause, no later than August 4, 2017, why this case should not be dismissed. Docket No. 34. The order to show cause warned that the "**failure to respond to this order will result in a recommendation of dismissal without prejudice**." *Id.* (emphasis in original). Plaintiff failed to comply with that Court order.

## II. ANALYSIS

Plaintiff has disobeyed the Local Rules that he update his address and disobeyed the Court's order that he show cause why the case should not be dismissed. Plaintiff's failure to update his address and his disobedience of a Court order are abusive litigation practices that have interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has refused to comply with the order of this Court notwithstanding the Court's warning that case-dispositive sanctions may be imposed.

Accordingly, in light of the circumstances outlined above, the Court **RECOMMENDS** that this case be **DISMISSED** without prejudice and the pending motion for summary judgment (Docket No. 27) be **DENIED** as moot.

DATED: August 15, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This

| | |
|---|---|
| 1 | circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly |
| 2 | address and brief the objectionable issues waives the right to appeal the District Court's |
| 3 | order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, |
| 4 | 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). |